IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                  Criminal Action No.: 5:17-CR-1

JEFFREY W. MORAN,

    Defendant.

## REPORT AND RECOMMENDATION

**I.    SUMMARY**

The Government received tips from several informants that the Defendant, Jeffrey Moran, unlawfully possessed a firearm. Based upon these tips, the Government applied for a warrant and searched the Defendant's home. The Defendant now challenges that search.

The Defendant argues that the search was unsupported by probable cause because the supporting affidavit did not discuss the informants' basis of knowledge and veracity. The Court is unpersuaded by this argument because the affidavit provided the necessary information for the magistrate to determine the informants' basis of knowledge and veracity despite lacking an explicit discussion of these factors. The Defendant further argues that one of the informant's tips became stale because several months had elapsed before the search. The Court is unpersuaded by this argument because the affidavit includes several later informant tips thus, demonstrating an ongoing investigation during that period.

The search was valid, however, assuming *arguendo* that affidavit was deficient, the Defendant argues that the good faith exception does not apply. The Court is unpersuaded by this argument. The good faith exception does not apply when the supporting affidavit was "bare

bones." However, here the affidavit included multiple tips corroborating each other and thus, was not bare bones.

## II. BACKGROUND

Based upon an informant's tip, the Government suspected that the Defendant illegally possessed firearms. Therefore, the Government conducted an investigation which utilized multiple other confidential informants. The Government then presented an application, including a supporting affidavit, for a search warrant to an Ohio County, West Virginia Magistrate. The supporting affidavit relies heavily on statements from confidential informants who stated that they observed or knew that the Defendant possessed firearms. Based upon the affidavit, the Ohio County Magistrate determined that there was probable cause that the Defendant possessed firearms and issued a search warrant.

The Defendant filed a [ECF No. 20] Motion to Suppress the evidence found during the execution of the search warrant. The Court held an evidentiary hearing and argument. During the hearing, the officer who applied for the search warrant testified that the only information presented to the Ohio County Magistrate was his affidavit. In a separate Order [ECF No. 32] this Court held that the only information it can review is that which was presented to the issuing magistrate. Therefore, this Court's review of probable cause is limited to the supporting affidavit because that was the only evidence presented the Ohio County Magistrate.

## III. DISCUSSION

The Defendant first argues that the affidavit failed to provide probable cause. The Court is unpersuaded by this argument and will address it more fully in Part A. Next, the Defendant argues that the good faith exception fails to save the search warrant. The Court is also unpersuaded by this argument and will address it in part B.

A.  **Probable Cause**

The Defendant argues that the affidavit did not provide probable cause because it failed to discuss the informants' basis of knowledge and veracity. The Court is unpersuaded by this argument and will address it more fully in Part 1. Part 2 turns to the Defendant's argument that one of the tips became stale thus, could not constitute probable cause.

*1.  Basis of Knowledge and Veracity*

Part (a) discusses the relevant standard for basis of knowledge and veracity. Part (b) applies that standard to the affidavit here.

a.  Totality of the Circumstances Test

The Defendant argues that the affidavit was so lacking that it rendered the search warrant without probable cause. Specifically, the Defendant argues that the affidavit relied on confidential informants, however, it does not discuss the informants' basis of knowledge or veracity. The Defendant cites *United States v. Perez*, 393 F.3d 457, 461-62 (4th Cir. 2004) which held that "a judicial officer's assessment of probable cause . . . must include a review of the 'veracity' and 'basis of knowledge' of persons supplying hearsay information." This quote was recently cited in *United States v. Lull*, 824 F.3d 109, 118 (4th Cir. 2016). When read in isolation, this quote suggests that the affidavit must contain an explicit discussion of both basis of knowledge and veracity. However, this reading is inconsistent with Supreme Court precedent. Moreover, this reading is also inconsistent with the application of the law in *Perez* and *Lull*.

The Supreme Court derived a two-prong test to determine the credibility of an informant through its holdings in *Spinelli v. United States,* 393 U.S. 410 (1969) and *Aguilar v. Texas,* 378 U.S. 108 (1964). Under the two-prong test, the affidavit "first had to adequately reveal the 'basis of knowledge' of the [informant]—the particular means by which he came by the information

3

given in his report. Second, [the affidavit] had to provide facts sufficiently establishing either the 'veracity' of the affiant's informant, or, alternatively, the 'reliability' of the informant's report in this particular case." *Illinois v. Gates*, 462 U.S. 213, 228 (1983).

However, in *Gates* the Supreme Court abandoned the rigid two-prong test and adopted the "totality of the circumstances" approach. *Id.* at 238. Under this approach "the issuing magistrate is simply to make a practical, common-sense decision . . . given all the circumstances set forth in the affidavit before him. . . ." *Id.* The Supreme Court further explained that "[t]he elements under the 'two-pronged test' concerning the informant's 'veracity,' 'reliability,' and 'basis of knowledge' should be understood simply as closely intertwined issues that may usefully illuminate the common-sense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Id.* at 214.

Therefore, the Court is unpersuaded by the Defendant's argument that the affidavit must contain an explicit discussion of the informant's basis of knowledge and veracity. Indeed, this approach reverts to the rigid two-prong test that was abandoned in *Gates*. Rather, a study of the case law shows that the affidavit must merely provide enough information for the magistrate to make a determination regarding basis of knowledge and veracity and does not require an explicit discussion regarding each prong.

For example, in *Perez* the only assertion regarding the informant's veracity was that the informant was "reliable and credible." *Id.* at 459. Nevertheless, the court found that the mandated review of veracity was satisfied. In reaching this decision the court considered other factors beyond an explicit discussion of the informant's veracity. First, the court discussed that it was clear that the informant met with the officer in person. *Id.* at 462. The court stated that, "[t]here is a substantial difference between an informant who deals with the authorities in person

4

and an anonymous phone caller." *Id*. "Indeed, 'courts have had no difficulty distinguishing between cases involving face-to-face encounters with informants and cases involving anonymous tipsters.'" *Id.* (citing *United States v. Christmas*, 222 F.3d 141, 144 (4th Cir. 2000)). Furthermore, the court discussed that the informant's statement submitted along with the affidavit showed a concern for the victim's wellbeing. *Id.* The court explained that the interest in the victim's wellbeing is a motive to be truthful. *Id.* Therefore, the only explicit assertion regarding the informant's veracity was a conclusory assertion, nevertheless, the court looked to the entire document and found that there was an adequate review of the informant's veracity.

Similarly, in *Lull*, the court stated that "the affidavit contained no statement concerning the informant's reliability or previous experience working as a confidential informant. . . ." 824 F.3d at 113. The officers, however, excluded information that the informant had not returned all of the remaining money following a controlled buy and thus, had stolen money from the police department. *Id.* at 112. Therefore, this material omission coupled with "no other information relating to the informant's reliability [or] . . . [any] mention [of] his experience working as a confidential informant" led the court to find that there was not an adequate review of his veracity. *Id.* at 118. However, the court did not focus on the affidavit's lack of an explicit discussion of veracity but rather, on a lack of evidence for the magistrate to reach a decision.

Therefore, the question before this Court is whether "the affidavit as a whole and all circumstances set forth within" provided the magistrate with enough information to review the informants' basis of knowledge and veracity. *Id.*

### b. The Affidavit Provided the Necessary Information

The first three paragraphs of the affidavit each provided accounts of encounters with different informants. The Court finds that these paragraphs provided the necessary review therefore, the Court is unpersuaded by the Defendant's argument.

The Court begins with the second paragraph of the affidavit because it provides the greatest indicia of probable cause. The second paragraph states that the officers received a tip from a reliable informant that *another* witness observed the Defendant in possession of a firearm. The affidavit states that the officers "located" the other witness. It is reasonable to infer that "located" means that the officers met with the witness in person. The affidavit does not explicitly discuss this witness's veracity however, similarly to *Perez* the in-person meeting supports the witness's veracity. Indeed, an "informant who meets face-to-face with an officer provides the officer with an opportunity to assess his credibility and demeanor and also exposes himself to accountability for making a false statement." *United States v. DeQuasie*, 373 F.3d 509, 523 (4th Cir. 2004). Moreover, the witness stated that he saw the Defendant possess the firearm thus, basis of knowledge is established.

Furthermore, the third paragraph states that an informant observed the Defendant with a firearm. Therefore, the basis of knowledge is established. This paragraph goes on to state that the officers "located" the informant. Thus, it is reasonable to infer that the officers met with the informant in person and as discussed above, this supports the informant's veracity. Therefore, this paragraph corroborates the informant discussed in the second paragraph. And "[t]he degree to which an informant's story is corroborated may . . . be an important factor" in determining probable cause. *DeQuasie*, 373 F.3d at 518-19.

The first paragraph on its own is deficient. Indeed, it merely asserts that the informant has been reliable on two other occasions but does not provide any additional support regarding veracity. Moreover, there is no indication of the informant's basis of knowledge. Thus, on its own this paragraph provides little value to the magistrate, however, it does tend to corroborate the second and third paragraphs, albeit, minimally.

The affidavit leaves much to be desired, however, taken as a whole it provides the necessary review of basis of knowledge and veracity. Indeed, it cites at least two informants with a first-hand basis of knowledge because they saw the Defendant with firearms. Moreover, the officers met with the two informants with person knowledge in person which tends to support their veracity. Furthermore, each informant corroborates the others.

        2.        *The Evidence was not Stale*

The Defendant argues that the first informant tip, given in September 2016, was stale by the time the warrant was issued in December 2016. The Defendant further argues that because it is alleged that he was attempting to sell the firearm, it is more likely that the alleged firearm from the September 2016 tip would not be at the location. The Court is unpersuaded by this argument.

First, the elapsed time from September 2016 to December 2016 is a relatively short period of time. Second, the September 2016 tip was merely one of three tips identified in the affidavit. The latter two tips came towards the end of November 2016 thus, much closer to the execution of the search warrant. When read together, these tips show an investigation that progressed for several months and continued to point towards the Defendant's possession of firearms. Therefore, the tip did not become stale.

## B. The Good Faith Exception

The Government argues that, assuming *arguendo* that the affidavit was insufficient for a probable cause finding, the search is saved by the good faith exception. The Court is persuaded by this argument.

In *United States v. Leon*, 468 U.S. 897, 920 (1984) the Supreme Court explained that the exclusionary rule will not apply despite a lack of probable cause if the officers relied in good faith on a search warrant. The Fourth Circuit has identified four situations where the good faith exception would not apply:

> (1) the magistrate was misled by information in an affidavit that the officer knew was false or would have known was false except for the officer's reckless disregard of the truth;
>
> (2) the magistrate wholly abandoned his detached and neutral judicial role;
>
> (3) the warrant was based on an affidavit that was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and
>
> (4) the warrant was so facially deficient, by failing to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid.

*United States v. Hyppolite*, 65 F.3d 1151, 1156 (4th Cir. 1995). There is no evidence or argument that the first, second, or fourth exceptions are applicable here. Rather, the only applicable exception is the third—that probable cause was so lacking that reliance on the warrant was unreasonable.

The Defendant relies on *United States v. Wilhelm*, which held that the good faith exception does not apply to a "bare bones" affidavit meaning "one that contains wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." 80 F.3d 116, 121 (4th Cir. 1996) (citations omitted).

In *Wilhelm*, the affidavit stated that the informant had seen marijuana sold at a residence and that the informant was reliable, mature, and a concerned citizen. *Id.* at 118. Beyond these conclusory assertions, the affidavit provided no additional information regarding the informant's reliability. Moreover, the court highlighted that the affidavit failed to corroborate the tip. *Id.* at 121.

In contrast, here the affidavit provided three different tips which each corroborate the others. Two of the three tips explain that the informants' basis of knowledge is first-hand observation. Moreover, the affidavit indicates that the officers met with the two informants with first-hand knowledge in person which further supports reliability. Therefore, this affidavit is not merely a conclusory assertion that a single informant should be trusted as in *Wilhelm*. Rather, the affidavit provides multiple pieces of evidence each corroborating the others. Therefore, assuming *arguendo* that the search warrant was deficient, the search is saved by the *Leon* good faith exception.

## IV. RECOMMENDATION

The Court is unpersuaded by the Defendant's arguments and **RECOMMENDS** that his Motion to Suppress [ECF No. 20] be DENIED.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and

Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia

Dated: April 19, 2017               /s/ *James E. Seibert*
                                    JAMES E. SEIBERT
                                    U.S. MAGISTRATE JUDGE