# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                         **Criminal Action No. 5:17-CR-1**
                                                **(BAILEY)**

**JEFFREY W. MORAN,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court upon consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Local Rule, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on April 19, 2017 [Doc. 37]. In that filing, the magistrate judge recommends that this Court deny the defendant's Motion to Suppress Evidence [Doc. 20].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within

fourteen (14) days of filing of this same, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). Objections to the R&R were timely filed on May 2, 2017 [Doc. 39]. Accordingly, this Court will conduct a *de novo* review of those portions to which objections were made; the remaining portions will be reviewed for clear error.

## **BACKGROUND**

An informant's tip led the Government to conduct an investigation using three confidential informants. Based on the tip, it was suspected that defendant Moran illegally possessed a number of firearms. Thereafter, the Government presented an application and supporting affidavit for a search warrant to an Ohio County, West Virginia magistrate. The affidavit relies heavily on statements from the confidential informants who stated that they observed or knew the defendant possessed firearms. Relying on the affidavit, the magistrate determined there existed probable cause to issue a search warrant. The home was subsequently searched, and firearms were found therein. Defendant now challenges the search and moves to suppress the recovered evidence.

On March 16 and 22, and April 10, 2017, United States Magistrate Judge James E. Seibert held evidentiary hearings on the Motion to Suppress Evidence. At the hearing, the officer who applied for the warrant testified that the only information presented to the magistrate was the affidavit; accordingly, this Court's review of probable cause is limited to the supporting affidavit, which discloses the following information:

1. West Virginia Senior Natural Resources Police Officer S.C. Haines has served in wildlife law enforcement for 14 ½ years and has training and experience as a Natural Resources Police Officer to know that firearms purchased, owned, or possessed by individuals are retained in the person's residence, and such persons possess those

2

firearms for long periods of time.

2. In September of 2016, Officer Haines received information from a "trusted and reliable" C.I., who had "proven to be accurate on two following investigations."

3. The anonymous C.I. stated that defendant Jeff Wayne Moran attempted to sell a Browning shotgun and the informant knew Moran was a convicted felon, who is prohibited from possessing firearms.

4. The anonymous C.I. did not want to be identified because he/she was afraid of Moran retaliating against him/her because he/she knows Moran to be violent.

5. On November 28, 2016, Officer Haines received another tip from the same "reliable proven informant" that a witness observed Moran carrying a long gun in the wooded area along Browns Run in Wheeling, West Virginia.

6. Officer Haines and ATF Agent Campbell "located" the witness, who confirmed he/she observed Moran "hunting with a long gun described as a stainless steel octagon style barrel with wooden stock" and "shooting from the front porch of the Moran residence located at 146 Browns Run Lot #1" to a target located across the public road.

7. This second witness also refused to be identified due to fear of retaliation.

8. Officer Haines and Agent Campbell "located" another witness who stated he observed Moran "holding a long gun with a synthetic stock and blue barrel" outside Moran's residence on November 26, 2016.

9. This witness was unwilling to provide an identity due to fear of retaliation because he/she knows Moran to be violent.

10. Officer Haines reviewed Moran's Criminal History, which revealed a drug conviction and a domestic battery conviction.

11. Based upon the above, Officer Haines believed Moran's residence contained "at least two, possibly three firearms . . .."

[Doc. 20-1].

## DISCUSSION

The defendant objects to the R&R's conclusion and recommendation. Specifically, defendant argues that the affidavit for the search warrant is lacking in probable cause, and the good faith exception to a defective search warrant does not salvage its shortcomings because it is a "bare bones" affidavit. [Doc. 39]. Defendant argues the R&R suggests that the affidavit must merely provide enough information for the magistrate to make a determination regarding basis of knowledge and veracity.

The R&R concludes that the affidavit provides the necessary information for the magistrate to make a determination regarding basis of knowledge and veracity because the affidavit contends that the informants personally observed the defendant possess firearms and the officers located the informants, inferring a face-to-face meeting. The defendant objects, arguing that these factors are not adequately satisfied to support the magistrate's finding of probable cause. This Court disagrees.

First, the defendant argues that the basis of knowledge is best defined as "the particular means by which [an informant] came by the information." ***Illinois v. Gates***, 462 U.S. 213, 228 (1983). Defendant argues that the informant's alleged observations alone are not particular in establishing a basis of knowledge even where it may be inferred. ***Id***. at 246. The defendant asserts that the phrase "particular means" should not stop with the sensory means by which an informant comes by particular information, but should also

include the informant's geographical means of acquiring the information. See **United States v. Christmas**, 222 F.3d 141 (4th Cir. 2000). Defendant concludes that "[t]he affidavit here does not illustrate a basis of knowledge determining how the informants came about the alleged information that Mr. Moran was in possession of a firearm. Merely telling a law enforcement officer that the witness saw [him] with a firearm, and having that recitation set forth in the affidavit, does not meet the basis of knowledge requirement." [Doc. 39 at 2-3].

The contents of the affidavit, however, describe the when and where in great detail. To begin, all three witnesses saw Moran with guns at or around his residence. They provided specific dates. They described the guns in specific detail. This Court finds this satisfies the above test.

Next, defendant argues that "neither the veracity nor the reliability of the informants are established by the inference that there was a face-to-face meeting." [Doc. 39 at 3]. Defendant asserts that the affidavit fails to indicate whether there was a face-to-face meeting with any of the informants; rather, it indicates that the officer "located" or received information from the informants. The defendant thus argues that "[t]he word 'located' is ambiguous and misleading as it may lead the magistrate to conclude that there was a face-to-face meeting when in fact, this remains uncertain." Id.

This Court does not find the use of the word "located" to mean anything other than a face-to-face encounter. To "locate" by definition entails determining a physical place – a "location." Each time it is used in the affidavit, the witness is "located" first, and then information is obtained. If the officers simply telephoned these witnesses, they would not

5

have used the term "located."  Rather, they would have attested that they "contacted" or "communicated" with, etc. the witness.  That dog won't hunt.

In addition, defendant takes issue with the officer's statement that the first informant is "trusted," "reliable," and a "proven informant," and that all three informants refused to be identified.  Defendant likens this to **United States v. Wilhelm**, 80 F.3d 116, 120 (4th Cir. 1996), in which the Court held that upholding this type of warrant "would ratify police use of an unknown, unproven informant – with little or no corroboration – to justify searching someone's house."  The defendant, however, leaves out an important detail contained in the affidavit.  Officer Haines goes on to support his opinion regarding the informant's trustworthiness by stating that "[he has] since proven to be accurate on two following investigations." [Doc. 25-1].  Further, while not dispositive, this Court notes that the witnesses did not want to be identified out of fear of retaliation; thus, the officer in all likelihood did not disclose certain details as to why he believed these witnesses were trustworthy.  For example, hypothetically speaking, the officer could have put in the affidavit that these witnesses' observations were credible because they were Moran's next door neighbors.  Such information, if true, would clearly reveal their identities.  This was not a case in which their identities were unknown because they were anonymous tipsters; rather their identities were known to the officers and were simply not disclosed upon request for fear of retaliation.

Next, the defendant takes issue with respect to the R&R's finding that the three different tips from each informant corroborates one another thus satisfying the factor of corroboration.  Defendant argues it is independent police corroboration that is to be considered as a factor of significant value in the totality of the circumstances test, and not

have used the term "located."  Rather, they would have attested that they "contacted" or "communicated" with, etc. the witness.  That dog won't hunt.

In addition, defendant takes issue with the officer's statement that the first informant is "trusted," "reliable," and a "proven informant," and that all three informants refused to be identified.  Defendant likens this to **United States v. Wilhelm**, 80 F.3d 116, 120 (4th Cir. 1996), in which the Court held that upholding this type of warrant "would ratify police use of an unknown, unproven informant – with little or no corroboration – to justify searching someone's house."  The defendant, however, leaves out an important detail contained in the affidavit.  Officer Haines goes on to support his opinion regarding the informant's trustworthiness by stating that "[he has] since proven to be accurate on two following investigations." [Doc. 25-1].  Further, while not dispositive, this Court notes that the witnesses did not want to be identified out of fear of retaliation; thus, the officer in all likelihood did not disclose certain details as to why he believed these witnesses were trustworthy.  For example, hypothetically speaking, the officer could have put in the affidavit that these witnesses' observations were credible because they were Moran's next door neighbors.  Such information, if true, would clearly reveal their identities.  This was not a case in which their identities were unknown because they were anonymous tipsters; rather their identities were known to the officers and were simply not disclosed upon request for fear of retaliation.

Next, the defendant takes issue with respect to the R&R's finding that the three different tips from each informant corroborates one another thus satisfying the factor of corroboration.  Defendant argues it is independent police corroboration that is to be considered as a factor of significant value in the totality of the circumstances test, and not

have used the term "located."  Rather, they would have attested that they "contacted" or "communicated" with, etc. the witness.  That dog won't hunt.

In addition, defendant takes issue with the officer's statement that the first informant is "trusted," "reliable," and a "proven informant," and that all three informants refused to be identified.  Defendant likens this to **United States v. Wilhelm**, 80 F.3d 116, 120 (4th Cir. 1996), in which the Court held that upholding this type of warrant "would ratify police use of an unknown, unproven informant – with little or no corroboration – to justify searching someone's house."  The defendant, however, leaves out an important detail contained in the affidavit.  Officer Haines goes on to support his opinion regarding the informant's trustworthiness by stating that "[he has] since proven to be accurate on two following investigations." [Doc. 25-1].  Further, while not dispositive, this Court notes that the witnesses did not want to be identified out of fear of retaliation; thus, the officer in all likelihood did not disclose certain details as to why he believed these witnesses were trustworthy.  For example, hypothetically speaking, the officer could have put in the affidavit that these witnesses' observations were credible because they were Moran's next door neighbors.  Such information, if true, would clearly reveal their identities.  This was not a case in which their identities were unknown because they were anonymous tipsters; rather their identities were known to the officers and were simply not disclosed upon request for fear of retaliation.

Next, the defendant takes issue with respect to the R&R's finding that the three different tips from each informant corroborates one another thus satisfying the factor of corroboration.  Defendant argues it is independent police corroboration that is to be considered as a factor of significant value in the totality of the circumstances test, and not

corroboration from informants that lack the indicia of reliability.  Defendant argues there existed several opportunities where the informants' accounts could have been corroborated, but were not.  Should the officers have gone on a stake-out and waited for the defendant to wonder outside with a firearm?  The officers were provided reliable, detailed information that supported probable cause.

"Generally, when an effort is made to establish probable cause for the issuance of a search warrant based on hearsay from an informant, 'it is necessary to consider all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information.  The degree to which an informant's story is corroborated may also be an important factor.'" **United States v. DeQuasie**, 373 F.3d 509, 518-19 (4th Cir. 2004) (quoting **United States v. Hodge**, 354 F.3d 305, 309 (4th Cir. 2004)).

Applying the factors from **DeQuasie** shows that the affidavit here established probable cause.  First, all three witnesses' basis of knowledge was first hand.  Indeed, they each actually saw the defendant holding a firearm.  Second, the officers were able to corroborate a large portion of the information.  For example, when one informant told the officer that another witness saw Moran with a firearm, rather than just relying on this hearsay, the officers took the time to actually "locate" the witness to corroborate this account.  Additionally, each witness did not wish to be identified in the affidavit due to fear of retaliation because they knew Moran to be a violent person.  This information was slightly overlooked in this Court's opinion.  This Court finds it telling that when Officer Haines reviewed Moran's criminal history, it confirmed each witnesses' statement that

Moran is indeed a violent person with a domestic battery conviction. Therefore, the affidavit provided probable cause for the warrant. The Court further notes that nothing in the affidavit was untrue or misleading.

The defendant makes some valid criticisms and indeed the affidavit is not perfect. However, notwithstanding these criticisms the affidavit has met the applicable test to support a finding of probable cause.

Finally, the defendant objects that the *Leon* good faith exception does not save the "defective" warrant because an indicia of reliability is lacking. ***United States v. Leon***, 468 U.S. 897 (1984). The defendant asserts the merely conclusory allegations in the affidavit cannot support a magistrate's finding of probable cause that evidence of the crime existed in defendant's home without including these important details. Thus, defendant argues such "bare bones" assertions are insufficient to uphold this search warrant via the *Leon* good faith exception. This Court disagrees.

The Fourth Amendment to the United States Constitution guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The officers here relied upon a search warrant when executing the search. However, as noted above, the defendant argues that the affidavit, upon which the warrant was based, was so lacking that there was no probable cause to support the warrant. Thus, the warrant was invalid and the search violated the Fourth Amendment. As was the

Magistrate Judge, this Court is unpersuaded by this argument. In ***United States v. Leon***, the United States Supreme Court explained that the exclusionary rule will not apply despite a lack of probable cause if the officers relied in good faith on a search warrant. 468 U.S. at 920. In this case, there is no evidence that the reliance on the search warrant was not in good faith.

## **CONCLUSION**

After careful consideration of the record and the motions, it is the opinion of this Court that the Report and Recommendation **[Doc. 37]** should be, and is, hereby **ORDERED ADOPTED**. The Objections **[Doc. 39]** are **OVERRULED**. As such, the Motion to Suppress **[Doc. 20]** is hereby **DENIED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** May 5, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE